BRIAN MILLSAP V. SHOW TRUCKS USA, INC.

NO. 07-02-0412-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 1, 2003

______________________________

PETE HENRY CLEMENTS,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 82781; HON. CHARLES CARVER, PRESIDING

_______________________________

ABATEMENT AND REMAND

__________________________________

Before QUINN, REAVIS and CAMPBELL, JJ.

Pete Henry Clements (appellant)
 appeals his conviction for failure to comply with the requirements applicable to registering as a sex offender.  
The clerk’s record was filed on October 15, 2002.  The reporter’s record was filed on December 18, 2002.  Thus, appellant’s brief was due on January 17, 2003.  However, one was not filed on that date.  On January 22, 2003, and pursuant to the motion of appellant seeking an extension of 60 days, we granted him an extension of time to file his brief to February 17, 2003.  However, one was not filed by that date.  By letter, this Court notified appellant’s counsel of the expired deadline and directed him to respond to our letter by Thursday, March 6, 2003, or the appeal would be abated to the trial court pursuant to 
Tex. R. App. P. 38.8.  
Instead of submitting a brief, he moved to extend the deadline for a second time for an additional 60 days.  The motion was granted, the deadline was extended to March 25, 2003, and appellant was informed that the failure to comply with the deadline would result in the abatement of the appeal to determine if appellant has been denied the effective assistance of counsel.  The March 25
th
 deadline has passed and appellant again seeks an extension. Now he requests an additional 45 days.  

To date, appellant and his counsel have had more than the 90 days to prepare an appellant’s brief.  They have also had more than the 60 days of extension sought in the first motion to extend time.  Yet, we have received no brief but rather another motion for extension founded upon the same reasons, 
i.e.
, appellate counsel is involved in a capital murder trial and purportedly cannot draft a brief.  That counsel’s time may be consumed representing others does not relieve him of his duty to effectively represent the appellant at bar.    

Consequently, we deny any further extension of time and abate this appeal and remand the cause to the Criminal District Court of Jefferson County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

whether appellant desires to prosecute the appeal;

 

2.   whether appellant is indigent and entitled to appointed counsel; and,

3.   whether appellant has been denied the effective assistance of counsel due to appellate counsel’s failure to timely file an appellate brief.  
See
 
Evitts v. Lucey
, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief). 

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects.  Should the trial court find that appellant desires to pursue this appeal, is indigent, and has been denied effective assistance of counsel, then we further direct the court to appoint new counsel to assist in the prosecution of the appeal.  The name, address, phone number, telefax number, and state bar number of the new counsel who will represent appellant on appeal must also be included in the court’s findings of fact and conclusions of law.  Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk’s record containing the findings of fact and conclusions of law and 2) a reporter’s record transcribing the evidence and argument presented at the aforementioned hearing.  Additionally, the trial court shall cause the supplemental clerk’s record to be filed with the clerk of this court on or before April 30, 2003.  Should additional time be needed to perform these tasks, the trial court may request same on or before April 30, 2003.

It is so ordered.

Per Curiam

Do not publish.